**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6095**

LAWRENCE LEO HAWKINS, a/k/a Lawrence' Leo' Hawkins, Jr-El, a/k/a UCCI-308, a/k/a UCCI-3083, a/k/a UCCI-103, a/k/a UCC9-105, a/k/a UCCI-207,

    Plaintiff - Appellant,

   v.

ROBERT MCCABE, Sheriff; DAVID L. SIMMONS, Superintendent; JAMES RODATUS, Magistrate; WILLIAM C. SMITH; CARL EASON; WESTBROOK PARKER; JUDGE BAGNALL; ALL PARTIES LISTED WITHIN THE ATTACHMENT, INCLUDING BUT NOT LIMITED TOO…; LAWRENCE LEONARD; ARENDA WRIGHT ALLEN; TOMMY MILLER; DOUGLAS MILLER,

    Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:13-cv-00195-RBS-LRL)

Submitted: May 19, 2014    Decided: May 29, 2014

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Lawrence Leo Hawkins, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Leo Hawkins, Jr., seeks to appeal the district court's order dismissing his complaint, filed pursuant to 42 U.S.C. § 1983 (2012), and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Hawkins has also filed a motion for transcript at government expense. We deny Hawkins' motion and dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). When the United States or its officer or agency is a party, and unless the district court extends or reopens the appeal period, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order. Fed. R. App. P. 4(a)(1)(B). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's dismissal order was entered onto the docket on May 30, 2013. Hawkins did not file his notice of

2

appeal of that order until 194 days later, on December 10, 2013.*

Therefore, under either the 30-day or 60-day appeal period, Hawkins' notice of appeal is clearly untimely. Moreover, Hawkins filed his notice of appeal beyond the time limits for seeking an extension or reopening of the appeal period. See Fed. R. App. P. 4(a)(5) (motion for an extension of the appeal period must be filed within thirty days of entry); Fed. R. App. P. 4(a)(6) (motion for reopening must be filed within the earlier of 180 days after judgment is entered, or within fourteen days after the moving party receives notice of entry); see also Fed. R. Civ. P. 77(d) ("Lack of notice of the entry does not affect the time for appeal or relieve . . . a party for failing to appeal within the time allowed, except as allowed by [Fed. R. App. P.] 4(a).").

Because Hawkins' appeal is untimely, we lack jurisdiction over the appeal. Accordingly, we deny Hawkins' motion for transcript at government expense and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

\* Houston v. Lack, 487 U.S. 266 (1988).

3